UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DAVID WILL & SHANE ELLZEY** | * | 42 U.S.C. § 1983 |
| | * | |
| **VERSUS** | * | **STATE LAW CLAIMS** |
| | * | |
| **SHERIFF JAMES POHLMANN AND THE ST.** | * | **CASE NO.** |
| **BERNARD PARISH SHERIFF'S OFFICE,** | * | |
| **OFFICER RANDY BAIAMONTE, SGT.** | * | **JUDGE:** |
| **ANTHONY BRUSCATO, CAPT. DARLENE** | * | |
| **POCHE, SGT ROBERT GAROFALO, CAPT.** | * | **MAG. JUDGE:** |
| **MARK JACKSON, SGT JOHNSON, OFFICER** | * | |
| **TREY DELAUNE, OFFICER MARK TANNER** | * | **JURY TRIAL** |
| **ABC INSURANCE COMPANIES AND DOES** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>ORIGINAL COMPLAINT</u>

COMPLAINANTS DAVID WILL AND SHANE ELLZEY, citizens of the State of Louisiana and domiciled in the Parish of St. Bernard state and shall prove the occurrence of following events, violations of their constitutional rights and the injures they have suffered therefrom.

Will and Ellzey were falsely arrested on 30 August 2012 for crimes they did not commit, were physically injured by the defendant officers which caused Will to be placed in ICU at University Hospital for five days for a ruptured spleen caused by being kicked in the chest and other injuries suffered by Will and also Ellzey.

Their false arrest caused them to be under the cloud of prosecution for crimes they did not commit which charges were after more then ten months dismissed by the District Attorney. The defendants named herein are those known by name and the Does not yet identified shall be during the ongoing discovery and investigations and properly named by amendment.

JURISDICTION

FEDERAL LAW CLAIMES

1.

Jurisdiction of this Court arises under 28 U.S.C. secs 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. §§. 1983, 1985, 1986, and 1988.

. 2.

This is a civil action to enjoin and redress the deprivation of Will and Ellzey's rights, under color of state law, by local authorities—as such authorities have been defined by the United States 5th Circuit Court of Appeal in *Holly Ray Bush v. Sheriff Jack Strain, et al.* [5th Cir. No. 05-30837]*, and Burge v. Parish of NOPD,* 187 F.3d 452, citing *Mairena*, 816 F.2d at 1064 and *Hudson*, 174 F.3d 677—in violation of his rights, privileges, and immunities under the United States Constitution and the Louisiana State Constitution.

PENDENT STATE LAW CLAIMS

3.

Jurisdiction of this Court for pendent claims is authorized by 28 U.S.C. § 1367 with respect to any state law claims, inasmuch as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and under F.R.Civ.P.18(a) and arises under the doctrine of pendent jurisdiction as set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715.

4.

Pendent claims arise from violation of claimant's right, as set forth in those claims and as the rights violated are expressly guaranteed and protected under the Louisiana State Constitution, particularly due process of law, right to individual dignity, right to privacy, right to judicial

review, right to human treatment, and access to legitimate courts and under the laws of the State of Louisiana including but not limited to liability for any and all acts causing damages.

5.

Fraudulent acts, the alteration of public records and other crimes, having taken place in the past have been discovered within the last year since the conclusion of the jury trial and as such acts constitute fraud, no statute of limitation or exceptions of prescription are applicable to such fraud, alteration of public records, and crimes set forth herein.

VENUE

6.

Venue in the United States Courts for the Eastern District of Louisiana is proper under 28 U.S.C. § 1391(b), as the violations and actions took place within the Parish of St. Bernard which is in the Eastern District of these Courts, as recently as in the months of August of 2012 and of July of 2013.

PARTIES

Complainants

7.

A.   **Complainant DAVID WILL,** is a person of the age of majority, who brings this action in this Eastern District for Louisiana as it encompasses the parish of the domicile of certain defendants where the actions and predicate acts of those defendants have also taken place.

B.   **Complainant SHANE ELLZEY,** is a person of the age of majority, who brings

this action in this Eastern District for Louisiana as it encompasses the parish of the domicile of certain defendants where the actions and predicate acts of those defendants have also taken place.

<u>Defendants</u>

8.

A. **Defendant SHERIFF JAMES POHLMANN and the ST BERNARD PARISH SHERIFF'S OFFICE**, in his official capacity as sheriff and the Department's official capacity and authority as the legal entity authorized by the State of Louisiana and the Parish of St. Bernard at all times pertinent hereto was the authority in charge of the St. Bernard Parish Sheriff's Office and whose policies and procedures were such as to all officers of this department to violate the civil rights of complainants Will and Ellzey.

B. **Defendant OFFICER RANDY BAIAMONTE**, who at all times pertinent hereto was employed as an officer of the St. Bernard Sheriff's Office, and whose actions and failures to act did cause the injuries and violations of the civil rights of complainants Will and Ellzey as set forth herein and who kicked and beat Will while Will was hand-cuffed, causing serious, permanent physiological injuries.

C. **Defendant OFFICER SGT. ANTHONY BRUSCATO**, who at all times pertinent hereto was employed as an officer of the St. Bernard Sheriff's Office, and whose actions and failures to act did cause the injuries and violations of the civil rights of complainants Will and Ellzey as set forth herein.

D. **Defendant OFFICER CAPT. DARLENE POCHE,** who at all times pertinent

hereto was employed as an officer of the St. Bernard Sheriff's Office, and whose actions and failures to act did cause the injuries and violations of the civil rights of complainants Will and Ellzey as set forth herein.

E. **Defendant OFFICER SFT ROBERT GAROFALO**, who at all times pertinent hereto was employed as an officer of the St. Bernard Sheriff's Office, and whose actions and failures to act did cause the injuries and violations of the civil rights of complainants Will and Ellzey as set forth herein.

F. **Defendant OFFICER CAPT. MARK JACKSON,** who at all times pertinent hereto was employed as an officer of the St. Bernard Sheriff's Office, and whose actions and failures to act did cause the injuries and violations of the civil rights of complainants Will and Ellzey as set forth herein.

G. **Defendant OFFICER SFT JOHNSON**, who at all times pertinent hereto was employed as an officer of the St. Bernard Sheriff's Office, and whose actions and failures to act did cause the injuries and violations of the civil rights of complainants Will and Ellzey as set forth herein.

H. **Defendant OFFICER TREY DELAUNE**, who at all times pertinent hereto was employed as an officer of the St. Bernard Sheriff's Office, and whose actions and failures to act did cause the injuries and violations of the civil rights of complainants Will and Ellzey as set forth herein.

I. **Defendant OFFICER MARK TANNER**, who at all times pertinent hereto was employed as an officer of the St. Bernard Sheriff's Office, and whose actions and failures to act did cause the injuries and violations of the civil rights of

complainants Will and Ellzey as set forth herein.

**J.**    **Defendant JOHN DOE[S] and JANE DOE[S]**, including but not only "several patrol deputies from field operations", as well as natural persons including judicial officers of the court, the district attorney, the clerk of court, the sheriff's office and attorneys, who have not been identified by name, but who did conspire with co-defendants variously, and were the persons who violated the rights of complainants Will and Ellzey under the United States Constitution and the amendments thereto, and their rights under federal laws, including but not limited to violations of 42 U.S.C. § 1983, *et seq*, and 18 U.S.C. 1961-1968 as well as those rights under the Constitution of the State of Louisiana.

<u>Statement of Fact</u>

9.

Hurricane Issac struck coastal Louisiana causing power outages and other damages on or about 29-30 August 2012.

10.

St. Bernard Parish was effected by the storm and suffered from such outages and damages, including the St. Bernard Parish community of Poydras.

11.

At approximately 11:25 hours, on 30 August 2012, the Quick Check store located at 617 Bayou Road in St. Bernard Parish [Zip Code 70085] was victimized by burglary.

12.

Neither David Will nor Shane Ellzey were involved in the burglary not did they receive

any things taken from the store.

13.

However the defendants named herein arrested Will and Ellzey, falsely charged them with certain felonies, and caused them to be falsely imprisoned for extended periods of time.

14.

Defendants charged Will and Ellzey with La. 14:62.5 and several counts of La. R.S. 14: 69, looting and possession of stolen things respectively.

15.

Although the defendants and the Court soon got a confession and plea bargin from the juvenile who did rob the Quick Check store and that individual did not implicate Will or Ellzey in the robbery, defendants continued to prosecute Will and Ellzey and to keep Will incarcerated.

16.

The defendants also falsely arrested other persons in the immediate neighborhood and charged them with similar offenses as well. Those persons, like Will and Ellzey did not commit the crimes alleged and like Will and Ellzey, all charges have been dropped against the other persons.

17.

The initial encounter between defendants, and Will and Ellzey took place in the afternoon of 30 August 2012, after the owners of the Quick Check reported the robbery.

18.

Will and Ellzey and their families live at 1605 Robert Drive, in the Poydras community in St. Bernard Parish.

19.

At the time of the incident which took place on 30 August 2012, Will and Ellzey and many of eyewitness were on the scene and shall testify to the events that took place including the arrest of the juvenile who admitted to looting the Quick Check store.

20.

Defendant Officers Baiamonte, Bruscato, Poche, Garofalo, Johnson, Tanner, DeLaune and others went to the Robert Drive area when they received a second call around 15:00 Hours saying that a juvenile was seen fleeing the Quick Check and running down Robert Street to the area where Will and Ellzey and many other lived. The juvenile was encountered, admitted to have burglarized the store and to having stolen cigarettes and other items. He was arrested and charged.

21.

In an attempt to protect her son, the juvenile's mother Ms. Demary told the defendant officers that Will and Ellzey had committed the robbery and stolen the goods, in order to extracate her son although he had already admitted to the crimes.

22.

Defendant officers asked the 15 persons at the scene if any knew the whereabouts of Shane Ellzey or David Will. Ellzey was standing on the porch of 1605 Robert Drive, identified himself and walked down to speak with defendant officer Baiamonte. Baiamonte arrested and handcuffed Ellzey and placed him in Deputy Arcement's patrol unit.

23.

He was subsequently taken to the jail on St. Bernard highway, where he and others

witnesses certain of these same defendants officer throw Will face-first on the jail house floor, and drag him on his face, which he was handcuffed behind his back.

24.

Ellzey and others screamed at the defendant officers demanding that they stop banging Will on the floor because they feared that the officers were going to kill him. Will was already unconscious at the point, have been beaten and kicked by defendant Baiamonte and others at the scene of his initial arrested on Robert Street.

25.

When Baiamonte and could not find Will, a woman on the scene pointed to a house across the street and suggested that Will might be there behind the house.

26.

Not having committed a crime and having seen what defendants Baiamonte had already done to the other citizens who also had not committed any crimes, Will had crawled under the house across the street.

27.

The elevation on the house was limited and when defendant Baiamonte and defendant Mark Tanner and /or defendant Trey Delaune called for Will to come out from under the house, Will did so.

28.

In order to come out from under the house, Will crawled with both hands under his chest and came out head first. Baiamonte pepper sprayed Will while he as coming out.

29.

Defendant Delaune struck ["single knee strike"] Will in his left side of his chest as he was coming out from under the house and caused what was ultimately found to be a ruptured spleen.

30.

Baiamonte and his co-defendants handcuffed then beat Will repeatedly and transferred him to jail where they throw him face-first on the floor although Will was already unconscious.

31.

Officers at the jail fabricated the fact that Will had been drinking and must have been intoxicated, which is why he was unconscious and not functional.

32.

Based on that excuse, Will was transported by Acadian Ambulance to University Hospital and accompanied by deputies Chris Chambers and Justin Gutierrez.

33.

Will was diagnosed with a ruptured spleen which was caused by trauma.

34.

Will was in ICU for five days and under constant medical care.

35.

On or about 4 September 2012, Will was returned from University Hospital to St. Bernard jail where he was booked and where he remained for a number of months until such time as the was once again confronted by the ADA for St. Bernard Parish and a detective who said they have proof that he was guilty of the crimes charged but that they would recommend a sentence of ten years if he entered a guilty plea.

36.

Will said he would not plead guilty to anything he has not done and further challenged the detective's knowledge of the facts and the case.

37.

Will asked the ADA to consult the detectives who had personal knowledge of the case and he would be willing to meet with and discuss the investigation with the officers who had first hand knowledge and you knew that the juvenile had pleaded guilty to the looting and was serving time for the crimes they now wanted to continue to charge him with.

38.

The ADA left the cell where Will and the officer were.

39.

The ADA returned shortly thereafter and told Will and the other officer, that the District Attorney was dropping all the charges against Will. The charges against Ellzey were dropped only recently, as well.

40.

The defendants and the Sheriff's office were the cause in facts of the injuries, violations of the rights of Will and Ezzley which shall be set forth with evidence in specificity during the jury trial on this matter.

## COUNT I – § 1983 CAUSES OF ACTION

41.

These defendants charged and falsely arrested and charged plaintiffs in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.  Under color of law, and having made a custodial arrest, defendants did inflict serious, permanent

injuries upon Will and Ellzey and cause damages to and otherwise violate both Will and Ellzey's federal constitutional and federal civil rights.

42.

These defendants acted in combination and in concert to commit unlawful and unconstitutional acts against plaintiffs. Furthermore, the law under the Fourth, Fifth, Eighth, and Fourteenth Amendments in this regard is clearly established so as to defeat any purported police defendants' qualified immunity for state law claims.

43.

Complainant Will and Ellzey repeats and re-alleges and incorporates by reference the allegations in paragraphs above with the same force and effect as if set forth herein.

44.

At all times relevant herein, the conduct of all defendants were subject to 42 U.S.C. § 1983, 1985, 1986, and 1988.

45.

Acting under the color of law, defendants worked a denial of plaintiff's rights, privileges, and immunities secured by the United States Constitution and by Federal law.

**COUNT II - ENUMERATED § 1983 VIOLATIONS**

46.

Complainant Will and Ellzey repeats and re-alleges and incorporates by reference the allegations in paragraphs above with the same force and effect as if set forth herein.

47.

At all times relevant herein, the conduct of all defendants were subject to 42 U.S.C. §

1983, 1985, 1986, and 1988.

48.

Acting under the color of law, defendants worked a denial of plaintiffs's rights, privileges, and immunities secured by the United States Constitution and by Federal law, including but not limited to the violations enumerated immediately below.

49.

**VIOLATION OF 42 U.S.C. 1983 - Concerted Unlawful and Malicious Subsequent Arrests and Charges** which deprived both plaintiffs of their liberty without due process of law and his right to equal protection of the laws, due course of justice was impeded, in violation of the United States Constitution and its Amendments.

50.

**VIOLATION OF 42 U.S.C. 1983 -  Concerted Unlawful and Malicious Sequential Fabrication, Destruction of Evidence, and Alteration of Evidence,** which deprived plaintiffs' of their liberty without due process of law and his right to equal protection of the laws, due course of justice was impeded, in violation of the United States Constitution and its Amendments.

51.

**VIOLATION OF 42 U.S.C. 1983 -  Neglecting to Prevent** defendant officers under this control, from violating the rights, privileges, and immunities of Will and Ellzey—as set forth in the facts at paragraphs above or neglect in preventing deprived Will and Ellzey of both his liberty without due process of law and his right to equal protection of the laws, due course of justice was impeded, in violation of the United States Constitution and its Amendments.

52.

**COUNT III – § 1983 CONSPIRACY CAUSE OF ACTION**

All defendants acted in combination and in concert, and in whose "deliberate indifference in not preventing these acts," combined with the willful acts of his deputies acting in concert thereby allowing the commission of these unlawful acts of illegally detaining, arresting, extorting, and violating Will and Ellzey's various constitutional rights.

53.

As a result of defendants' conspiracy to commit illegal acts against Will and Ellzey, they are liable to plaintiff per 42 U.S.C. §1983 as well as 42 U.S.C. §1988 for attorneys' fees.

54.

The named defendants through their public offices violated complainant rights as those rights are expressly guaranteed and protected under *Holly Ray Bush v. Sheriff Rodney Jack Strain, et al.* [No. 07-30837, 14 January 2008], *Monell v. New York City Dept of Social Services,* 436 U.S. 658*, City of Canton v. Harris,* 489 U.S. 387*, McMillian v. Monroe County,* 520 U.S. 781*, Bryan County Comm'r v. Brown,* 520 U.S. 397*, and Burge v. St Tammany* 187 F 3d. 452, C.A. 5 (La.) 1999, *State v. Tate* 171 So. 108, *Perez,* 454 So.2d 806, *Bush I*, 538 So.2d 606, and *Bush II*, 541 So.2d 903.

55.

At all times pertinent hereto, these defendants failed to develop and/or maintain a custom or policy to identify, discipline, rehabilitate and/or retrain its police officers who violated Will and Ellzey's civil rights.

56.

The illegal and unconstitutional policies and procedures of the Sheriff's department were the driving force of the deprivation of Will and Ellzey's rights herein.

57.

Furthermore, through improper training, improper hiring, negligent retention and after ineffective internal policies, ignoring patterns and practices of abuse, these defendants were deliberately indifferent to said policies and procedures leading to Will and Ellzey's rights being violated.

58.

The Sheriff's Deparment and its co-defendants used the policy and procedure to engage in illegal activities to illegally secure charges innocent persons, here in violation of Will and Ellzey's federal and state rights.

59.

As a result of their various violations, these defendants are liable to plaintiff pursuant to 42 U.S.C. §§1983, 1985, 1986, and 1988.

60.

At all times pertinent hereto, defendants acting under color of law, are responsible for the actions and inactions of his subordinates as they relate to the violations of Will and Ellzey's civil rights, in the following non-exhaustive particulars:

1. Failure to properly hire, train, discipline and/or supervise the officers under their authority;

2. Failure to adopt and enforce reasonably appropriate policies, practices, and

       procedures for the operation and administration of the internal affairs of the department;

3. Condoning a pattern, practice and/or custom of police officer intimidation and abuse, and by failing to take appropriate and reasonable measures to ensure that the members of the general public are protected from unlawful searches, seizures, and extortion by members of the defendants offices and departments;

61.

All of the acts and omissions alleged herein are established customs, policies and practices, which, among others, have the effect of depriving Will and Ellzey of their right to due process of law, including freedom from unreasonable searches and seizures, as well as other rights, privileges and immunities secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and the Constitution of the State of Louisiana, which directly and proximately caused the damages complained of herein.

62.

At all times pertinent hereto, defendants were acting within the course and scope of their employment and authority under the color of law, and were liable for the acts of said defendants and/or vicarious liability for all causes and claims stated herein.

63.

As a result of their various violations, these defendants are liable to Will and Ellzey pursuant to 42 U.S.C. §§1983, 1985, 1986, and 1988.

## COUNT IV – DUE PROCESS AND EQUAL PROTECTION VIOLATIONS

64.

By maliciously and illegally and sequentially arresting, falsely charging plaintiff, and denying plaintiff a good faith prosecution, a right to a fair trial, all color of law officials and district-attorneys defendants violated Will and Ellzey's rights to due process and equal protection as set forth by the United States Constitution.

## COUNT V – LOUISIANA LAW CLAIMS

65.

Based on the facts stated above, plaintiff hereby asserts various claims under the Louisiana Constitution and laws of the State of Louisiana and based on the facts stated above, Co-defendants did knowingly and intentionally, or in the alternative negligently, violate Will and Ellzey's rights as those rights are protected and guaranteed under the Constitutions of the United States, and that of the State of Louisiana.

65.

The facts underlying defendants' violations of Will and Ellzey's rights are distinct and separate from any facts underlying the various charges created, made, altered—and almost one year after the incident, only now prosecuted against Will and Ellzey—such that they can coexist with any fact-based aspect of any element of any charge which has been created, made, and now advanced by the defendants and the Sheriff's office.

## DAMAGES

126.

Will and Ellzey aver all damages arising from these violations of their rights under

the United States Constitution and that of the State of Louisiana.

REQUEST FOR JURY TRIAL

David Will and Shane Ellzey Request a Trial by Jury

RELIEF

Based on the facts stated above, and against all defendants and award such damages as are allowed under federal and state law, including all penalties and fees and costs for bringing this matter and those fees and costs required to defend these plaintiffs in the fraudulent criminal matters.

Respectfully submitted,

s/ Daniel G. Abel

Daniel G. Abel, LSB # 8348
2421 Clearview Parkway
Legal Department - Suite 106
Metairie, Louisiana 70001
Telephone: 504.284.8521
Facsimile: 888.577.8815
Direct: danielpatrickegan@gmail.com

Verification of the Facts

I, David Will have personal knowledge of the facts and statements made herein and therefore verify that these facts are true to the best of my knowledge and belief. I have worked with counsel to comply with the requirements needed to submit this complaint.

Verified on 24 August 2013

_____s/ David Will_____
David Will
Complainant

Verification of the Facts

I, Shane Ellzey have personal knowledge of the facts and statements made herein and therefore verify that these facts are true to the best of my knowledge and belief. I have worked with counsel to comply with the requirements needed to submit this complaint.

Verified on 24 August 2013

_____s/ Shane Ellzey_____
Shane Ellzey
Complainant

Rule 11 Verification of Investigation and Facts

I, Daniel G. Abel, attorney at law, have personal knowledge of the facts and statements made herein and therefore verify that these facts are true to the best of my knowledge and belief under Rule 11. I have represented David Will and Shane Ellzey since the outset of the prosecution and have personal knowledge and evidence as to the events having conducted an independent investigations and interviewed a number of the eyewitnesses present at the scene on Robert Drive and present in the jail subsequently.

Verified on 24 August 2013

_____s/ Daniel G. Abel_____
Daniel G. Abel, LSB #8348
Attorney at Law